# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 26, 2021

| | |
|---|---|
| * * * * * * * * * * * <br> KATHERINE DOHERTY,       * <br>                                              * <br>                    Petitioner, * <br> v.                                          * <br>                                              * <br> SECRETARY OF HEALTH       * <br> AND HUMAN SERVICES,      * <br>                                              * <br>                    Respondent. * <br> * * * * * * * * * * * | UNPUBLISHED <br><br> No. 15-1429V <br><br> Special Master Gowen <br><br> Motion for Decision Dismissing Claim; <br> Tetanus-diphtheria-acellular pertussis <br> (Tdap); Loss of Vision; Behcet's disease; <br> Uveitis; Vasculitis. |

*Joseph L. Doherty, Jr.,* The Doherty Law Firm, Woburn, MA, for petitioner.
*Althea W. Davis*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On November 25, 2017, Katherine Doherty ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1); *see also* Amended Petition filed February 15, 2018 (ECF No. 48). Petitioner alleged that as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination received on June 10 or 11, 2012, she suffered loss of vision in her left eye, Behcet's disease, uveitis, and retinal vasculitis, left middle cerebral artery narrowing, and residual effects of said injuries. Amended Petition at Preamble. However, the information in the record does not establish entitlement to compensation.

On March 26, 2021, petitioner filed a motion seeking a decision dismissing her claim. Petitioner's Motion ("Pet. Mot.") (ECF No. 144). Petitioner avers that upon careful

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

consideration of the facts and science supporting the case, the voluminous medical records, the reports from expert witnesses on both sides, and the Court's analysis, petitioner has concluded that she is unlikely to establish that she is entitled to compensation in the Vaccine Program. *Id.* at ¶ 1. In these circumstances, to proceed any further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id.* at ¶ 2. Petitioner understands that a decision dismissing her petition will result in a judgment against her. *Id.* at ¶ 3. She has been advised that such a judgment will end all of her rights in the Vaccine Program. *Id.* Petitioner understands that she may apply for fees and costs once her case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of the claim and to oppose, if appropriate, the application for fees and costs. *Id.* Petitioner intends, under 42 U.S.C. § 300aa-21(a)(2), to accept the judgment.

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that she suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that she suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Here, an examination of the record does not contain any allegation or persuasive evidence that petitioner suffered a "Table Injury." Thus, she is limited to alleging causation-in-fact. The record does not contain persuasive evidence indicating that petitioner's injuries caused or in any way related to the vaccine which she received.

Moreover, under the Vaccine Act, compensation may not be awarded based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. 42 U.S.C. § 13(a)(1). Here, the medical records are insufficient to establish entitlement. The medical records, which are indeed voluminous, also reflect that petitioner had a significantly complex medical history prior to receiving the Tdap vaccination. After respondent advised that he would defend against the claim, petitioner filed several experts' reports, to which respondent had similarly qualified experts respond. Respondent's experts opined that petitioner had undiagnosed Behcet's disease prior to the Tdap vaccination and they raised additional critiques of petitioner's claim. Based on these reports and my subsequent review (*see* Rule 5 Order filed December 3, 2020 (ECF No. 138); Scheduling Order filed February 19, 2021 (ECF No. 143)), petitioner has now requested voluntary dismissal of her claim.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

    **s/Thomas L. Gowen**
    Thomas L. Gowen
    Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).