# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 20, 2021

* * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KATHERINE DOHERTY * | |
| * | No. 15-1429v |
| Petitioner, * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, * | Unreasonable expert costs. |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * *

*Joseph Leo Doherty, Jr.,* The Doherty Law Firm, Woburn, MA, for petitioner.
*Althea Walker Davis,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 28, 2021, Katherine Doherty, ("petitioner") filed a motion for final attorneys' fees and costs ("Fees App.") (ECF No. 148). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award reasonable attorney's fees of $6,141.50 and reasonable petitioner's costs of $2,970.00.

### I.  Procedural History

On November 25, 2015, petitioner, acting *pro se*, timely filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on June 11, 2012, she

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

suffered the sudden onset of optic nerve inflammation and peripheral retinal vasculitis on November 29, 2012. Petitioner avers that she was later diagnosed with Behcet's disease. *Id.* at Preamble. On March 26, 2021, a decision was entered granting petitioner's motion for voluntary dismissal of her claim for insufficient proof. Pet. Motion (ECF No. 144); Decision (ECF No. 145).

On September 28, 2021, petitioner filed the present motion for final attorneys' fees and costs. He requests $6,141.50 in attorneys' fees and $5,940.00 in attorneys' costs. Fees App. – Exhibit 4-5.

On October 20, 2021, respondent filed a response, opposing petitioner's motion for final attorneys' fees and costs. Respondent ("Resp.") Response (ECF No. 150). Specifically, respondent states that "petitioner's expert failed to materially address the deficiencies in his already compensated prior opinions," and that petitioner has no reasonable basis for continuing to seek reimbursement for expert fees associated with the supplemental report. Resp. Response at 7.

Petitioner did not file a reply. This matter is now ripe for adjudication.

**II.     Legal Standard**

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition. 42 U.S.C. § 300aa-15(e)(1). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In this case, petitioner voluntarily dismissed her claim and was not awarded compensation. On the other hand, respondent has not argued specifically that the claim lacked either good faith or reasonable basis while it was active, nor do I find reasons to doubt that those were present.

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonable expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)). The Office of Special Masters ("OSM") has prepared ranges of reasonable hourly rates for attorneys of varying experience and for paralegals, which are posted on the Court's website.[3]

---

[3] Court of Federal Claims – Office of Special Masters, *OSM Attorneys' Forum Hourly Rate Fee Schedules*, at https://www.uscfc.uscourts.gov/node/2914.

Petitioner "bears the burden of establishing [that] the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

**III. Analysis**

**A. Attorneys' Fees**

**1. Hourly Rate**

Petitioner requests that her attorney, Mr. Joseph Doherty, Jr. be reimbursed for the work performed on her case in 2020 and 2021. Specifically, she requests that Mr. Doherty be awarded the hourly rate of $450.00 per hour for work performed in 2020 and $475.00 per hour for work performed in 2021. Mr. Doherty also requests that he be reimbursed for work performed as a paralegal at the paralegal rate of $145.00 per hour.

Mr. Doherty had previously been awarded forum fees in the interim attorneys' fees decision and I see no reason that he should not be awarded the forum rates again. *See Doherty v. Sec'y of Health & Human Servs.,* No. 15-1429V, 2020 WL 2958291, at *7 (Fed. Cl. Spec. Mstr. May 7, 2020). Further, an attorney may be compensated for paralegal-type work, but only at a paralegal rate. *See e.g., Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins v. Sec'y of Health & Human Servs.,* No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009). Mr. Doherty requested to be reimbursed at a rate of $145.00 per hour for paralegal work. Thus, Mr. Doherty's rate requested for paralegal work of $145.00 per hour is reasonable.

**2. Hours Expended**

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson,* 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as"[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests….[v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton,* 3 F.3d at 1521.

I have reviewed the submitted billing entries and find that the hours billed are largely reasonable. The billing entries accurately reflect the nature of the work performed and I do not find any of the entries to be objectionable. Additionally, respondent has not indicated that he finds any of the entries related to the attorney's work to be objectionable. **Accordingly, the petitioner is awarded final attorneys' fees of $6,141.50.**

### B. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner requests an additional $5,940.00 ($500.00 per hour for 10.8 hours of work) for a supplemental report by Dr. Lawrence Steinman. *See* Pet. Ex. 111 (ECF No. 142).

Respondent argues that petitioner's request for additional fees for Dr. Steinman is unreasonable. Resp. Response at 7. Respondent stated that "Dr. Steinman's supplemental report wholly failed to advance petitioner's claim." *Id.* at 8. Specifically, respondent argued that the Court had identified "significant deficiencies in Dr. Steinman's report," and his supplemental report continued to "assert a theory of causation based on medical literature discussing a disease/condition that petitioner was never diagnosed." *Id.* at 7-8. Respondent also noted the Court recommended that Dr. Steinman not prepare another report if he could not address the issues that were raised in the Rule 5 order.

Fees for experts are subject to the same reasonableness standard as fees for attorneys. *Baker v. Sec'y of Health & Human Servs.,* No. 99-653V, 2005 WL 589431 (Fed. Cl. Spec. Mstr. Feb. 24, 2005) (citing *Crossett v. Sec'y of Health & Human Servs.,* No. 89-73V, 1990 WL 293878, at *4 (Cl. Ct. Spec. Mstr. Aug. 3, 1990). The special master must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 462 U.S. 424, 434 (1983). "The question is not whether [the expert] expended the number of hours claimed, but whether it was necessary or reasonable for him to do so." *Wasson v. Sec'y of Health & Human Servs.,* No. 90-208V, 1991 WL 135015, 3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24 Cl. Ct. 482, 483 (Nov. 19, 1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993).

Dr. Steinman is board certified in psychiatry and neurology and he has chaired the neuro-immunology program at Stanford University Medical Center. Pet. Ex. 23 at 1-2. Dr. Steinman has provided his expert opinion in many VICP cases and often provides detailed report regarding molecular mimicry as a theory for causing autoimmune disorders. *See Robinson v. Sec'y of Health & Human Servs.,* No. 14-952V, 2021 WL 2371721 (Apr. 12, 2021); *Koller v. Sec'y of Health & Human Servs.,* No. 16-439V, 2021 WL 5027947 (Fed. Cl. Oct. 8, 2021). Dr. Steinman's qualifications as an expert are not at issue in this case. Instead, the main issue is whether it was reasonable for petitioner to have Dr. Steinman author a third report in this case given the multiple issues raised by the undersigned during the Rule 5 status conference. As the undersigned noted in the Rule 5 order, Dr. Steinman's initial theory of causation-molecular mimicry relating to MOG-did not appear to fit the petitioner's condition. Rule 5 Order at 4. Specifically, the undersigned stated, "That is a significant problem," with Dr. Steinman's initial expert opinion provided in this case and that if Dr. Steinman could not credibly address the "likelihood of Behcet's disease predating the vaccination, the attenuated timing, and my critiques of his theory (particularly the applicability of molecular mimicry with MOG to this condition)" he should not prepare a supplemental report. *Id.*

Instead, petitioner submitted a supplemental expert report from Dr. Steinman on February 8, 2021. Pet. Ex. 111 (ECF No. 142). After reviewing the supplemental expert report and the medical literature submitted, the undersigned issued a Scheduling Order, that discussed in detail

4

the flaws in Dr. Steinman's third expert report in this case. Mainly, that it appeared that petitioner had Behcet's disease, which predated the vaccination at issue in this case and that the medical literature Dr. Steinman relied upon for his final report in this case did not support his opinion that petitioner had MOG induced optic neuritis. *Id.* at 2-3. In this report, Dr. Steinman attempted to address my criticism of his theory by finding and attaching some additional literature that appeared to describe uveitis, but in connection with optic neuritis or optic perineuritis. He also agreed with Dr. Matloubian that petitioner's Behcet's disease likely had its onset several years prior to the vaccination, but it is common for that disease had a long period of dormancy before an acute event, which petitioner argued was caused by the vaccine. This left open the possibility of an aggravation claim, but as I noted in my order following this report, the potential for success remained small given the multi-factorial problems in this complex medical case. After my order addressing this report, petitioner sought a voluntary dismissal of the claim.

I appreciate that Dr. Steinman tried to address my questions raised in the Rule 5 Order and to further refine his theory in support of the petitioner's case. Therefore, I find that Dr. Steinman's costs of $5,940.00 is unreasonable and an adjustment is necessary. Dr. Steinman reasonably spent time analyzing the Rule 5 Order, however, given the evidence presented, in the exercise of good judgement he should have declined to provide further written responsein which he acknowledged that he was "threading the needle." Accordingly, I will credit time for the analysis of the respondent's reports and my questions but will reduce his fee by half. Even though respondent argued that petitioner should not be awarded any costs associated with Dr. Steinman's supplemental report, a reduction is appropriate because the Court had given petitioner an opportunity to file a supplemental report and the theoretical possibility of a significant aggravation claim remained. However, the full amount is not warranted because the final report filed in this case does not appear to provide meaningful additional opinion evidence in light of the previous reports filed by all experts in this case and the discussion had by the Court regarding the very real issues in petitioner's case that would need to be overcome in order to move forward.

In accordance with the above, the petitioner is awarded $2,970.00 in expert costs.

## IV. Conclusion

In accordance with the foregoing, petitioner's motion for final attorneys' fees and costs is **GRANTED**. I find that the following is reasonable:

| | |
|---|---|
| Attorneys' Fees Requested | $6,141.50 |
| (Adjustment of Fees) | ------ |
| **Attorneys' Fees Awarded** | **$6,141.50** |
| | |
| Attorneys' Costs | $5,940.00 |
| (Adjustment of Costs) | -$2,970.00 |
| **Attorneys' Costs Awarded** | **$2,970.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$9,111.50** |
| | |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $9,111.50, representing reimbursement for final attorneys' fees and costs, in the form of a check payable to petitioner and her attorney Joseph Doherty, Jr.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).